[Civ. No. 742. Fourth Appellate District.—April 25, 1932.]

H. F. COLLINS et al., Appellants, v. THE TEXAS COM-
PANY (a Corporation) et al., Defendants; ETTA A.
FANO et al., Respondents.

Brittan & Brittan, Ulysses A. Gribble and Harvey & Heard for Appellants.

Bert Schlesinger, C. V. Anderson and Jerome H. Bayer for Respondents.

JENNINGS, J.—This appeal is taken from a judgment entered upon an order sustaining a demurrer without leave to amend to appellants' second amended and supplemental complaint.

The complaint seeks specific performance of an agreement alleged to have been entered into on March 17, 1913, between appellants and respondent L. A. Blochman and E. A. Fano, predecessors in interest of respondent Etta A. Fano. This action was commenced September 14, 1927. Appellants seek to evade the statute of limitations, which would have long since barred the action, on the theory that it was commenced within three years after the discovery of the fraud which constitutes an important element of the action.

The principal facts alleged in the second amended and supplemental complaint and amendments thereto are as follows: In the year 1913 appellant Collins was the owner of certain real property in Kern County, California. Collins held legal title to the property for the benefit of himself and appellants Reynolds and Whitaker, to the extent of an undivided one-third interest in each of the three appellants. On March 17, 1913, appellants entered into an agreement with respondent L. A. Blochman and one E. A. Fano whereby appellants agreed to sell the property to Blochman and Fano for the sum of $12,000 upon condition that if the purchasers, Blochman and Fano should sell the property within one year from the date of the agreement they would pay to appellants one-third of any profit that they might receive from a resale of the land and that if Blochman and Fano did not consummate a sale of the premises within the period of one year they would convey to appellants an undivided one-third interest in the property. It is then alleged, on information and belief, that Blochman and Fano, for the purpose of defrauding appellants, conveyed the property to one W. R. Rogers, without considera-

tion, and reported to appellants that they had made a *bona fide* sale to Rogers and had received no profit therefrom and that appellants, relying on the representation thus made, did not seek to compel Blochman and Fano to pay them one-third of the profits or to convey to appellants a one-third interest in the property. It is then further alleged on information and belief that the purported sale to Rogers was a sham transaction and that Rogers held title to the property for the sole benefit of Blochman and Fano and that Rogers shortly thereafter conveyed an undivided one-half interest in the property to respondent Etta A. Fano, without any consideration therefor, and two weeks thereafter Rogers conveyed the remaining one-half interest in said property to C. R. Parker, who held title to said one-half interest for the sole benefit of respondent L. A. Blochman, and that on September 21, 1918, Parker conveyed said one-half interest to Haidee G. Blochman, who likewise held title for the sole benefit of respondent L. A. Blochman; that E. A. Fano died during the year 1919 and it is stated, again on information and belief, that respondents Etta A. Fano and L. A. Blochman thereafter caused the land to be divided so that Etta A. Fano became the owner of the north half and L. A. Blochman and Haidee G. Blochman became the owners of the south half of said premises and that thereafter title to the south half was acquired by respondents Nathalie Blochman, Palmyra G. Blochman and Lawrence G. Blochman, but that these last-named respondents paid no consideration for the transfer to them and hold title to the property for the benefit of respondent L. A. Blochman. Allegations respecting the execution of oil and gas leases to various corporations by respondents Etta A. Fano and L. A. Blochman and the receipt of unknown sums of money as bonuses and royalties then follow. The prayer of the complaint is for specific performance of the agreement of March 17, 1913, for conveyance of an undivided one-third interest in the property and for an accounting of moneys received by Etta A. Fano and the Blochmans and that these parties be required to pay to appellants one-third of all moneys received by them as bonuses and royalties from the oil and gas leases.

By amendments to the second amended and supplemental complaint permitted by the court during the argument of

the demurrers interposed by various respondents, it is alleged that the reasonable value of the property on March 17, 1913, the date of the agreement of sale between appellants and L. A. Blochman and E. A. Fano, was $16,000, and that the agreement of Blochman and Fano to pay one-third of the profit received by them from any sale of the property within one year or in case no sale was made to convey a one-third interest in the property was made in consideration of the sale to them of the property at a price which was $4,000 less than the reasonable value of said premises. It is further specifically alleged by amendment as follows: ''That relying upon said representations and statements of said E. A. Fano and L. A. Blochman, and being deceived thereby, these plaintiffs, and each of them, took no action for the purpose of enforcing their rights under their said contract, and that these plaintiffs, and each of them, had no information or belief that they had any rights under said contract, or any right to compel a conveyance of an undivided one-third (⅓) interest in and to said premises until within one year prior to the commencement of this action, at which time these plaintiffs learned for the first time that said defendants had received large sums of money as bonuses and royalties in connection with the leases hereinafter set forth.''

As hereinabove stated, the trial court sustained demurrers interposed by respondents without leave to amend this complaint. It is conceded by appellants that there was no abuse of discretion by the court in refusing permission further to amend. The grounds of demurrer were both general and special and particularly that the action was barred by the provisions of various designated statutes of limitation. There can be but little doubt that the particular statute of limitations applicable to this case is that found in section 338, subdivision 4, of the Code of Civil Procedure, which provides that an action for relief on the ground of fraud or mistake must be brought within three years of the time the cause of action accrued, but ''the cause of action in such a case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake''.

The principal questions presented on this appeal are whether the above-quoted allegation of facts contains a

sufficient showing of absence of actual or presumptive knowledge of the fraud on the part of appellants and whether the facts therein stated are sufficient to excuse the failure to have discovered the alleged fraud at an earlier date.

In *Original Mining & Milling Co.* v. *Casad,* 210 Cal. 71 [290 Pac. 456, 457], the leading authorities in California upon the questions involved in the present appeal are reviewed and the court thereupon made the following declaration: ''It will be discovered upon an analysis of the above cases that there are three major allegations that must be contained in the complaint before it will be held sufficient: 1, the complaint must allege when the fraud was discovered; 2, the circumstances under which it was discovered and, 3, facts must be alleged to show that plaintiff is not at fault for failing to discover the fraud sooner, and that plaintiff has no actual or presumptive knowledge of facts sufficient to put him on inquiry.'' When the allegations of appellants' second amended complaint with reference to the time of discovery of the fraud complained of and the circumstances under which it was discovered are examined, it appears, first, that there is no allegation of any specific date when it is said discovery was made. All that is said in this regard is that some time within the year preceding the commencement of the action, appellants first learned that respondents had received large sums of money as bonuses and royalties in connection with the oil and gas leases described in the complaint. It is doubtful whether this constitutes a sufficient allegation of the time of discovery (*Wood* v. *Carpenter,* 101 U. S. 135 [25 L. Ed. 807] ; *Lady Washington C. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809, 810] ). In the second place, there is apparent a striking failure of the pleader to allege the circumstances under which the fraud was discovered. All that is alleged in this connection is that appellants first learned at some time within the year preceding the commencement of the action that respondents had received large sums of money from the oil and gas leases. This amounts at most to no more than a statement of what they learned without in any manner pointing out the circumstances under which the information was received by them. The language of the court in *Lady Washington C. Co.* v. *Wood, supra,* is pertinent in this connection: ''He must also show the times and the circumstances under which the facts

constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged."

It remains to examine the allegations of the complaint, having in mind particularly the requirement that a plaintiff, in an action of this character, must allege facts relieving him from blame for his failure to have discovered the fraud at an earlier date and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry.

The second amended complaint, together with its amendments, shows that the fraud was committed at some time during the one-year period beginning on March 17, 1913, the date of the execution of the agreement between appellants and L. A. Blochman and E. A. Fano, and ending on March 17, 1914. As above suggested, the exact date when the fraud, which consists in the false representation by Blochman and Fano to appellants that the sale of the premises to W. R. Rogers was a *bona fide* sale resulting in no profit to them, was committed is not disclosed, the language of the pleading being that the conveyance to Rogers occurred during the one-year period "and thereupon" the false representation was made. The word "thereupon" is not definite, particularly in view of the uncertainty as to the time when the conveyance to Rogers was made. Assuming that the pretended sale to Rogers took place near the close of the one-year period, it may reasonably be inferred that the false representations were made shortly after March 17, 1914. The action was commenced on September 14, 1927. More than thirteen years, therefore, must have elapsed from the time the fraud was committed before the suit was brought. What reason is given by the allegations of the complaint for the failure to have discovered sooner the perpetration of the fraud? Simply and solely that appellants relied upon the representations made to them by E. A. Fano and L. A. Blochman and that they were deceived thereby. But the second amended complaint also shows that from October 5, 1917, to September 21, 1918, there were three separate conveyances, each of a half interest in the property, and that the effect of these conveyances was to place the legal title to one-half of the property in Etta A. Fano and title to the remaining half in Haidee G. Blochman. It is not alleged that these various conveyances were secretly made or that

they were in any way concealed from appellants. The trial court was therefore warranted in assuming that appellants had either actual or constructive knowledge of them. It is true that the complaint does not allege that respondent Etta A. Fano bore any relationship to E. A. Fano or that Haidee G. Blochman was in any way related to L. A. Blochman. Nevertheless, the fact that almost nine years prior to the commencement of this action the title to the land had been conveyed to persons bearing the same names as the original purchasers, who had reported to appellants a sale without profit to a third person, is a circumstance which it would seem would have naturally put the appellants upon inquiry as to whether the representation of a no profit sale was true. However, appellants stood by, saw the various transactions that took place with reference to the property, made no inquiry, instituted no investigation until they were finally aroused to action by the quickening influences which, through the development of the property as oil-bearing land, materially appreciated the value of the land and brought it into prominence. In the meantime, at some date in the year 1919, between four and five years after the alleged fraud was committed, E. A. Fano, one of the two individuals who is charged by appellants with the perpetration of the fraud, died. This circumstance alone at least seriously affected if it did not destroy the means of a full, fair and satisfactory investigation in a court of justice. (*Burling* v. *Newlands*, 112 Cal. 476, 500 [44 Pac. 810].) ▮ It is true that, as was said in *Victor Oil Co.* v. *Drum*, 184 Cal. 226, 241 [193 Pac. 243, 249] : ''The courts will not lightly seize upon some small circumstance to deny relief to a party plainly shown to have been actually defrauded against those who defrauded him, on the ground, forsooth, that he did not discover the fact that he had been cheated as soon as he might have done.'' But where, as here appears, appellants and those who they assert defrauded them dealt at arm's length, with no relation of confidence between them, a showing of at least some diligence in seeking to discover during so long a period whether or not they were entitled to demand the relief they now seek is required. (*Del Campo* v. *Camarillo*, 154 Cal. 647 [98 Pac. 1049] ; *Bradbury* v. *Higginson*, 167 Cal. 553 [140 Pac. 254] ; *Phelps* v. *Grady*, 168 Cal. 73 [141 Pac. 926] ; *Denike* v. *Santa Clara Valley Agr. Soc.*, 9 Cal. App.

228 [98 Pac. 687].)   There is an entire lack of such showing and no allegations that excuse the failure of appellants to have discovered, at an earlier date, the fraud which is a necessary element to the cause of action, since it is conceded by appellants that the action was barred unless the statute of limitations was suspended by the alleged fraud.

The opinion hereinabove expressed renders unnecessary a consideration of the contention of respondents that the consideration received by them for their agreement to convey to appellants a one-third interest in the property was inadequate, and therefore, under the provisions of section 3391 of the Civil Code, the remedy of specific performance is not available to appellants.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.