**ROSENBERG v. HANO & CO. et al.**
**No. 20700.**

District Court, E. D. Pennsylvania.
Dec. 6, 1938.

David Kanner, of Philadelphia, Pa., for plaintiff.

Carr & Krauss, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

The grievance of the plaintiff is that he was induced by the defendants to give $54.75 per share for the stock of the Schenley Distillers Corporation when its real value was only $17.75 per share. The defendants are a Brokerage House and one of its salesmen. There is no averment of diversity of citizenship.

The jurisdiction of this Court to entertain the action is based upon the feature that the action is in turn based upon the National Securities Exchange Act of June 6th, 1934, 15 U.S.C.A. § 78i.

The Rule before us is one to strike off the Statement of Claim. The grounds for the motion are:

1. No cause of action averred.

2. Action not brought within the time limit prescribed by the Act upon which based.

3. Statement defective in form because of vagueness, etc.

Counsel for defendants have made use of the term familiar to Pennsylvania practitioners of a "Rule to show cause". In this they have offended against the new terminology of the law. Under Rule 12 of the New Procedure Rules, 28 U.S.C.A. following section 723c, it would seem that a Motion should be made, not a Rule entered. There is a difference, as well as distinction in such motions. Some may be based upon averred defects in the form of the statement of the cause of complaint. Another may go to the basic question of whether the complaint sets forth a cause of action. Rule 12 recognizes this by providing that the Court may on motion rule the question raised or postpone this "disposition until the trial on the merits". There is room in the instant case for this differentiation. Some of the averments of the complaint are so vague as to be unintelligible. The averment in paragraphs 6 and 7 that the defendants had advised him to get in on "this deal for a 15 point advance in a day or so", and that "Hano & Company had made a deal to that effect" is almost meaningless. Does it mean that Hano & Company with others would peg the price of the stock at 15 points better than $54.75 per share? If it means that a vague statement was made with intent to create that impression, an innuendo is called for. The like comment applies to paragraph 13. It conveys no meaning to the reader unless he has outside information of to what it refers.

We do not have the Act of Congress before us but it is stated by counsel to have a provision that the action brought under its provisions must be instituted within one year of the discovery of the misconduct of the party charged with it and within three years of the transactions. These provisions have been argued as if they were a Statute of Limitations. They are much more than that. They impose a condition upon the right of action given by the Act of Congress. Compliance with these conditions must be averred. An injury due to fraud and deceit will give a cause and hence a right of action. This Court cannot entertain it however because of the lack of venue jurisdiction.

Hence the necessity of basing the cause of action upon a law of the United States. The cited Act admittedly gives it but compliance with the conditions imposed by the Act must be averred.

162

The conclusions reached are as follows:

1. Paragraphs 7 and 13 of the complaint are open to the objection of vagueness and indefiniteness.

2. The complaint is defective in that there is no averment that the action was brought within one year of the discovery of the wrong done. There is sufficient averment of compliance with the three year condition.

3. Leave is granted plaintiff to amend paragraphs 7 and 13. If not amended within fifteen days the motion to strike out these paragraphs is allowed.

4. Leave is granted plaintiffs to amend by averring compliance with the time limitations of the Act of Congress. If no amendment be filed within fifteen days the motion to strike out the complaint is allowed.

5. Counsel for defendants assert that the basis of the cause of action given by the Act of Congress is the fraud and deceit of the defendants.

Counsel for plaintiff maintain that the basis of the cause of action is the enforcement of a policy of the law and that the acts committed by the defendants are prohibited by law irrespective of fraud or falsity. This and the other questions which go to that of whether the plaintiff can show a cause of action can best be determined upon trial after developement of all the facts.

The disposition of this question is accordingly postponed until trial.