WRIGHT v. BANKERS SERVICE CORPORATION et al.

No. 8451.

District Court, S. D. California, Central Division.

July 12, 1941.

Herbert T. Silverberg, of Los Angeles, Cal., for plaintiff.

Musick & Burrell and Harold H. Streight, all of Los Angeles, Cal., for defendant Homer L. Gibson.

Mosher & Shafer and Albert Mosher, all of Los Angeles, Cal., for defendant Frank W. Royer.

## J. F. T. O'CONNOR, District Judge.

The complaint for damages for fraud was filed on August 4, 1938. The first amended complaint was filed October 30, 1939, and contained a second count which is under discussion here. The fourth and last amended complaint also contained said second count and was filed April 22, 1940, and consists of 47 pages. The defendants, Homer L. Gibson and Frank W. Royer, each separately filed a motion to dismiss and a motion for separate statement of causes of action on the grounds: (1) that the second count in the complaint fails to state a claim for which relief can be granted against said defendants and (2) on the ground that the claims in the second count are barred by the provisions of section 13 of the Securities Act of 1933, as amended, Section 77m of Title 15 U.S. C.A.

The Kelly Gold and Silver Mines, Inc., will be referred to in this opinion as "Kelly".

Do the facts alleged in the second count of the complaint show that the cause of action is barred by the statute of limitations? If so, is a motion to strike the second count the proper procedure?

Paragraph XXXI, which is part of the second count, page 41, of the fourth amended complaint, is as follows: "That plaintiff's claim herein, is made under and by virtue of the provisions of an Act of Congress entitled, 'The Securities Act of 1933', and amendments thereto, and more particularly, that portion thereof which, in the United States Code is designated as Sections 77k and 77o."

Certain dates alleged in the complaint are important to intelligently discuss section 77m, Title 15 U.S.C.A., Securities Act of 1933, § 13, as amended.

It is alleged that on September 12, 1933, a registration statement was filed with the Securities and Exchange Commission for the purpose of qualifying the securities which are the subject of this action, in order that the same might be sold in interstate commerce; that amendments thereto were filed as required by the Commission on September 9, 1933, October 4, 1933, October 12, 1933, October 28, 1933, and November 1, 1933, "and action taken by the Commission upon said Statement, the same became effective on or about the 10th day of November, 1933."

Paragraph XXXIV of the complaint alleges: "Upon information and belief, that the first public offering of the stock of Kelly, after said Registration Statement became effective, was made on or about the 11th day of November, 1933, and that the public offering thereof continued until on or about the 1st day of November, 1936."

The complaint further alleges in paragraph XXXVIII: "That at various times between the effective date of said registration and the month of November, 1934, plaintiff, being without knowledge of the untruths and material omissions aforesaid, whereby the Registration Statement was deceptive and misleading, as hereinabove set forth, purchased a large number of the shares of Kelly, at various prices, * * *."

The complaint sets forth in detail the statements and representations in the Registration Statement which, it is alleged,

were false and untrue. The complaint alleges that the defendant, Gibson, by ownership of a majority of the stock of Kelly, to-wit: 64⅔% of all the authorized capital stock, controlled said corporation; that defendant Royer was named as a director of the Kelly corporation and vice-president; and further alleges that the defendant Royer was engineer in charge of the property of Kelly, and alleges that the said Royer prepared the report thereon which was annexed to the said registration statement and made a part thereof; and that said statement named defendant Gibson as the person who controlled the said Kelly.

The defendants, Gibson and Royer, contend that the action, if any, is barred by the statute of limitations, section 77m, above referred to. Dividends ceased on the Kelly stock in the late summer or fall of 1934, and the complaint alleges: "* * * plaintiff became uneasy in regard to her holdings in Kelly, partly because she needed income from the stock, and partly because the investment was large and the possibility of misfortune to the company was suggested by stopping of dividends. Plaintiff spent the winter of 1934-35 in Florida, and while there, discussed said investment with one H. M. Sheridan, of Williamsville, New York, who said that upon his return home he would take up the matter with his attorney and procure advice for plaintiff as to what she should do to find out about the situation and protect her interests. * * * *"

The complaint alleges that plaintiff received a letter dated July 20, 1935, written by Joseph T. Wilson, an attorney in Williamsville, New York, suggesting that she come to his office and talk about the matter in detail and plaintiff did meet with said attorney in his office on July 23, 1935, at Buffalo, New York, and "gave him such information as she was able to give regarding her transactions with Coronado, Kelly and Bankers Service."

On August 1, 1935, attorney Joseph T. Wilson advised the plaintiff that he had made inquiries regarding the Kelly mine from the Division of Mines, State of California, and had just received information from the Division that Kelly was an operating mine employing about 75 men; that plaintiff further advised her attorney, Mr. Wilson, that one Mr. Wiseman was attempting to sell her additional shares in Kelly, and she reported to him their conversation. Attorney Wilson advised the plaintiff that "in his opinion, some of the statements were extravagant and probably untrue". Under instructions from the plaintiff, attorney Wilson procured and examined copy of Kelly Registration Statement, and after examining same, again made a request of the Division of Mines of the State of California, for additional information. After receiving a reply from the Division of Mines, attorney Wilson "noted several discrepancies", and again on January 15, 1936, attorney Wilson wrote the Division of Mines for the State of California a rather lengthy letter pointing out discrepancies between the statements in the application for registration and the statements of fact contained in the answer from the Division of Mines. Attorney Wilson stated he had the report made by Frank W. Royer in July, 1933, disclosing the mine was closed by order of the state mining inspectors and also noting that the valuable ores at the upper levels had been exhausted, making it necessary to work through a seven or eight hundred foot cross-cut at lower levels, and the state would not permit this on account of the hazards to labor, and that in order to operate the mine another main shaft would have to be put down providing safety exit in case of a cave-in. The complaint alleges that in September, 1935, the plaintiff authorized and instructed attorney Wilson to make a full and complete investigation. The complaint alleges that the Securities and Exchange Commission files relating to Kelly had been transmitted to the District Attorney of New York; certain information was requested from the District Attorney, who answered: "on December 2, 1935," an indictment had been filed, charging Coronado, Morse, Mack, Rogers and Bankers Service with fraudulent use of the mails. Neither Gibson nor Royer was included in the indictment. Further information was refused.

The complaint alleges that early in February, 1936, the matter was placed in the hands of attorney A. S. Goldman, 756 South Spring Street, Los Angeles, "with the request that he make a careful and detailed investigation and report. * * * Goldman advised that an action be brought immediately against Kelly, its directors and promoters, so far as known, charging fraud in the promotion of the Corporation, and that the actual facts be ascertained later. Plaintiff's attorney disagreed with

this plan, believing that insufficient facts were known to warrant commencement of suit, and the case was finally withdrawn from Goldman's hands."

The complaint alleges further steps that were taken by the plaintiff to secure facts with reference to the defendant Kelly, a recital of which would serve no useful purpose.

■ It is clear that plaintiff had notice that something was wrong when she failed to receive dividends from Kelly in the fall of 1934. In the winter of 1935 she discussed the matter with Mr. Sheridan and placed the matter in the hands of attorney Joseph T. Wilson in July, 1935, who spent a year making his investigation as hereinbefore set forth. Attorney Wilson's letter to the Bureau of Mines in California dated January 15, 1936, discloses that he had discovered the facts and had full knowledge thereof—yet no complaint was filed until August 4, 1938. Section 77m of Title 15 U.S.C.A. the Securities Act of 1933, as amended, provides: "No action shall be maintained to enforce any liability created under section 77k or section 77l (2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l (1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or section 77l (1) more than three years after the security was bona fide offered to the public, or under section 77l (2) more than three years after the sale. (May 27, 1933, c. 38, Title I, § 13, 48 Stat. 84, as amended June 6, 1934, c. 404, § 207, 48 Stat. 908.)"

It is clear that the cause of action under count 2 of the complaint is barred by the statute of limitations, as above set forth. " * * * if it appears that the plaintiff had notice or information of circumstances which would put him on an inquiry which, if followed, would lead to knowledge, or that the facts were presumptively within his knowledge, he will be deemed to have had actual knowledge of these facts." Lady Washington Consolidated Co. v. Wood, 113 Cal. 482, 45 P. 809, 810; Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807; Bancroft v. Woodward, 183 Cal. 99, 190 P. 445; Original Mining & Milling Co. v.

Casad, 210 Cal. 71, 290 P. 456; Collins v. Texas Co., 123 Cal.App. 60, 10 P.2d 773; Myers v. Metropolitan Trust Co., 22 Cal. App.2d 284, 70 P.2d 992; Consolidated R & P. Co. v. Scarborough, 216 Cal. 698, 16 P.2d 268; Haley v. Santa Fe Land Improvement Co., 5 Cal.App.2d 415, 42 P.2d 1078; Nighbert v. First National Bank of Bakersfield, 26 Cal.App.2d 624, 79 P.2d 1105; Shonts v. Hirliman, D.C., 28 F.Supp. 478.

■ Statutes of limitations are favored by the courts. Fontana Land Co. v. Laughlin, 199 Cal. 625, 250 P. 669, 48 A.L.R. 1308; Nichols v. Randall, 136 Cal. 426, 69 P. 26; Nighbert v. First National Bank of Bakersfield, supra.

In construing the limitation of actions in the Securities Exchange Act, 15 U.S.C.A. § 78a et seq., the court, in Rosenberg v. Hano & Co. et al., D.C., 26 F.Supp. 160, 161, said: "These provisions have been argued as if they were a Statute of Limitations. They are much more than that. They impose a condition upon the right of action given by the Act of Congress. Compliance with these conditions must be averred."

Also see Dolenty v. Broadwater County, 45 Mont. 261, 122 P. 919.

■ It is unnecessary to decide whether the 3-year statute applies to the date when the securities were first bona fide offered to the public (November 1933), or the last purchase by the plaintiff (prior to November 1, 1934), as the complaint was filed more than three years after the last date, and the allegations of the complaint show that the alleged fraud was discovered and the plaintiff had knowledge thereof more than three years prior to the filing of the complaint. The Securities Exchange Act was passed to protect the investing public. The lifetime savings of too many people who could ill afford to lose them were taken by dishonest promoters and salesmen in exchange for worthless securities. Heavy penalties were imposed upon those who are instrumental in disposing of worthless securities to the public, and in view of these severe penalties, as provided by the act, Congress determined what was a reasonable time within which to hold this sword above the head of the wrong-doer.

■ The next question is whether a motion to strike is the proper procedure. The plaintiff contends that the statute of

limitations should be alleged as a defense in the answer in view of the fact that it may be waived by the defendants. On this point there seems to be a conflict of authorities. It is the opinion of this court that a motion to strike is the proper procedure in view of the facts stated in this opinion. The application of Rule 9(f), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, which provides that time is a material matter has been construed and this court approves the construction placed upon the word in the following cases:

In the case of Katherine Cramer v. Aluminum Cooking Utensil Company, D. C., 1 F.R.D. 741, decided May 24, 1941, Western District of Pennsylvania, District Judge Schoonmaker said:

"The defendant urges that in view of the fact that the defendant must plead the bar of the statute of limitations as an affirmative defense under Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c the plaintiff ought to reply to that part of the answer. It is our view, however, that no such reply is necessary if the defendant intends to dismiss because the statute of limitations has run. Under Rule 9(f) it is provided: 'For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.'

"Here we have a situation where the statement of claim shows when the cause of action arose; and we hold it is not necessary that there should be a reply in order to make a motion to dismiss because the statute of limitations has run.

"We agree with Moore's view in Moore's Federal Practice, Vol. 1, p. 597, where he says: 'Since time is material under subdivision (f) for purposes of testing the sufficiency of a pleading, a motion to dismiss because the statute of limitations has run may be utilized, without supporting affidavits, whenever the time alleged in the statement of claim shows that the cause of action, whether ex contractu or ex delicto, has not been brought within the statutory period.' "

In the case of A. G. Reeves Steel Construc. Co. v. Elizabeth Weiss, Circuit Court of Appeals for the 6th Circuit, May 9, 1941, 119 F.2d 472, 476, Judge Hamilton said:

"In our opinion appellant's action was barred by the statute of limitations at the time of its institution.

"Appellant urges on us that the present statute is in effect a limitation upon the remedy and that appellee having failed to plead it as a defense, we are powerless to consider its applicability on this appeal. This contention must be denied. Under the Rules of Civil Procedure, Rule 9(f), 28 U.S.C.A., following 723c, for the purpose of testing the sufficiency of a pleading, averments of time are material. Since time is material in an action to recover taxes, a motion to dismiss because the statute of limitation has run, may be utilized without an affirmative defensive plea or supporting affidavits, whenever the time alleged in the petition shows that the cause of action has not been brought within the statutory period. The burden rested on the appellant in this action to allege and prove that its cause was brought within the time limit. Cheatham v. United States, 92 U.S. 85, 89, 23 L.Ed. 561; A. J. Phillips Company v. Grand Trunk Railroad Company, 236 U.S. 662, 667, 35 S.Ct. 444, 59 L.Ed. 774; John F. Jelke Company v. Smietanka, supra [7 Cir., 86 F.2d 470]." The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358; William Danzer & Co., Inc. v. Gulf & Ship Island Railroad Company, 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126; Rosenberg v. Hano & Co. et al., D.C., 26 F.Supp. 160.

Where the complaint shows upon its face that the cause of action is barred by the statute of limitations, and the defendant by his motion to dismiss, serves notice that he does not waive such defense, it seems that such motion is the proper procedure and should be granted. To require the defendant, under such circumstances, to answer the complaint and require the case to be placed upon the calendar for trial, or the parties called in under Rule 16 for a pre-trial, would be an inexcusable loss of time and money to the litigants.

The motion of the defendants, Gibson and Royer, to dismiss the second count of the fourth amended complaint on the ground that the cause of action stated therein is barred by section 77m, Title 15 U.S.C.A., and amendments thereto, is granted.