## WOERTER v. ROSENTHAL.

### No. 2181.

District Court, S. D. California, Central Division.

July 13, 1942.

Samuel S. Gilbert and R. M. Hemperly, both of Los Angeles, Cal., for plaintiff.

Milton Davis (of Walley & Davis), of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

This is an action on a promissory note for $13,964.97 with interest. The defendant answered and, among other defenses, interposed the bar of the statute of limitations. Thereafter, the defendant moved for summary judgment. Said motion raises the issue of the statute of limitations.

This court has heretofore considered the question of interposing the statute of limitations as a bar to recovery under a motion to dismiss where the facts alleged in the complaint clearly established that the action was barred by the statute of limitations. Wright v. Bankers Service Corporation, D.C., 39 F.Supp. 980; Wright v. Gibson, 9 Cir., June 15, 1942, 128 F.2d 865. Also, Abram et al. v. San Joaquin Cotton Oil Co., D.C., 46 F.Supp. 969, filed June 3, 1942. Several authorities are cited in each of the foregoing cases. However, the complaint alleges: " * * * plaintiff is informed and believes, and on such information and belief alleges that the defendant has not resided within the State of California for a period of four years since the accrual of the cause of action herein sued upon."

This allegation in the complaint raises a question of fact as to whether or not the statute of limitations is a bar to the action, and the issue, therefore, cannot be determined upon affidavits.

Federal Rules of Civil Procedure, rule 56 (c), 28 U.S.C.A. following section 723c; Chemical Foundation, Inc., v. Universal-Cyclops Steel Corporation, United States District, D.C.W.D.Pa., April 2, 1942, 2 F.R.D. 283; McElwain v. Wickwire Spencer Steel Co., 2 Cir., Feb. 21, 1942, 126 F.2d 210; 3 Moore's Federal Practice, page 3184, § 56.04.

The motion of the defendant is denied.