**FISCHMAN et al. v. RAYTHEON MFG. CO. et al.**

United States District Court
S. D. New York.

Dec. 9, 1949.

Louis H. O. Fischman, New York City, for plaintiffs.

Debevoise, Plimpton & McLean, New York City, Eli Whitney Debevoise, New York City, George N. Lindsay, Jr., New York City, of counsel, for defendant Raytheon Mfg. Co.

White & Case, New York City, J. Adam Murphy, New York City, James Bruce, New York City, of counsel, for defendant Reynolds & Co.

CONGER, District Judge.

Separate motions by the defendants Raytheon Manufacturing Company and Reynolds & Company:

1. To dismiss the first cause of action under Rule 12(b) (6), F.R.C.P., 28 U.S. C.A., in that the action was not brought within the time specified in section 13 of the Securities Act of 1933, 15 U.S.C.A. § 77m;

2. To dismiss under Rule 12(b) (1) so much of the first cause of action as relates to common stock of Raytheon Manufacturing Company;

3. To dismiss the second cause of action under Rule 12(b) (1, 6);

4. To dismiss under Rule 12(b) (1) insofar as the complaint attempts to allege a class action;

5. For security pursuant to section 11 of the Securities Act of 1933, 15 U.S.C.A. § 77k;

6. Reynolds & Co. also moves to vacate or to modify, limit and stay the notice to take the deposition of defendant Bryant and Raytheon moves for like relief with respect to the deposition of Lawrence K. Marshall.

That portion of the motion numbered "2" should be disposed of first. The common stockholders of Raytheon have no place in the controversy set forth in the first cause of action. This cause of action arises under the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a et seq. The liability, if any, is limited to the securities which were registered. The registration with which we are concerned had only to do with the issuance of preferred stock, convertible into common stock. Some of the plaintiffs are common stockholders, but they do not allege that they hold common stock arising from the conversion of the preferred stock. These plaintiffs have no standing in this Court on the first cause of action. Plaintiffs concede this [See affidavit of Daniel S. Fischer, sworn to January 12, 1949, p. 13].

In their brief plaintiffs maintain that no dismissal of this cause of action may be had without notice to all of the common stockholders pursuant to Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In this contention plaintiffs are clearly wrong. Assuming that this were a class action such notice would not be necessary. Moore's Federal Practice, 2d Ed., p. 3550.

This eliminates from the first cause of action plaintiffs Louis H. O. Fischman, David S. Fischman, Claire Fischman and Daniel E. Fischer, owners of common stock, and leaves in as plaintiffs Doris Fischman and Rose Jaskol, claimed purchasers of preferred stock of Raytheon.

Defendants' motion "1", therefore, applies to them only. We have here an issue of a statute of limitations or, to state it more correctly, of a statute which imposes a condition upon the right of action given by statute.

This action based upon alleged misstatements or omissions in a registration statement is an action under Section 11 of the

Securities Act of 1933. Section 13 of that Act expressly states: "No action shall be maintained to enforce any liability created under section 11 or section 12(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence * * *."

[redacted] The registration statement, with prospectus attached was filed with the Securities & Exchange Commission on October 5, 1945. It is the alleged misstatements or omissions in the prospectus and the registration statement upon which plaintiffs base their claim in this first cause of action. Plaintiffs' action must have been commenced within one year after the discovery of the said alleged untrue statements and/or omissions, or after such discovery should have been made by the exercise of reasonable diligence. The time when the alleged misstatements and omissions were discovered and the circumstances of the discoveries must be alleged and the delay which has occurred must be shown to be consistent with the requisite diligence. Shonts v. Hirliman, D.C.S.D. Cal.1939, 28 F.Supp. 478; Wright v. Bankers Service Corp., D.C.S.D.Cal.1941, 39 F. Supp. 980; Rosenberg v. Hano & Co., D.C. E.D.Pa.1938, 26 F.Supp. 160, affirmed 3 Cir., 121 F.2d 818. Paragraph "Twenty-Fifth" of plaintiffs' complaint wherein compliance with this rule is attempted is not sufficient.

This motion is granted with leave to plaintiffs Doris Fischman and Rose Jaskol to file an amended complaint within 20 days after service of the order on this decision with notice of entry. The new complaint shall include allegations in conformance with the above-cited cases.

Defendants also move ("3") to dismiss the second cause of action both as to the preferred and common stockholders.

Plaintiffs' first cause of action is brought under the Securities Act of 1933, as amended, 15 U.S.C.A. § 77a et seq. This Act provides liability for untrue statements of a material fact, or the omission of a material fact required to be stated, in a registration statement and a prospectus. The liability is limited to the securities that are registered.

The second cause of action alleges all of the allegations of the first, and there are no other factual averments except that in Paragraph "Thirty-First" of the complaint there is an allegation, general in its nature, that defendants violated certain of the provisions of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq.

[redacted] In so far as the complaint is based upon allegations charging violations of sections 9(a) and 10(b) of the Act of 1934 they must be dismissed. In both of these sections violation is based first and fundamentally on the use of the mails or any means or instrumentality of interstate commerce or of any facility of any national security exchange. There is no such averment in the complaint. It is a fatal defect.

[redacted] Beyond all that, the facts alleged in plaintiffs' first cause of action are relied upon and realleged to sustain the second cause of action. This the preferred stockholder-plaintiffs certainly may not do. Their cause of action, if any, can only be sustained on untrue statements in the registration certificate and prospectus [Act of 1933]. Montague v. Electronic Corp. of America, D.C.S.D.N.Y., 1948, 76 F.Supp. 933; Rosenberg v. Globe Aircraft Corporation, D.C.E.D.Pa., 1948, 80 F.Supp. 123.

[redacted] There remains the question as to whether the common stockholders have a cause of action based on the same alleged misleading statements in the prospectus and registration statement for the convertible preferred stock. I am convinced that they have not.

Plaintiffs contend that § 18(a) of the Act of 1934 affords a right of action to any security holder against all participants who make any statement or cause any statement to be filed with a stock exchange which was false or misleading and reliance upon which shall have induced such purchase or sale.

I cannot agree with plaintiffs in this contention. The Act of 1933 was intended to and did give relief to those who were defrauded by false statements in a registra-

tion statement and prospectus filed in connection with the issue of stock. It gave relief only to those who purchased that stock. It was a special statute with a special purpose, prescribing that amounts to its own code of procedure including venue provision. Rosenberg v. Glove Aircraft Corp., supra. It may not be held to include relief to purchasers of another class of stock with which the registration and prospectus had no relation.

Section 11 of the 1933 Act is entitled "Civil liabilities on account of false registration statement." It relates to a limited special subject and gives a new remedy to a purchaser of a security where the registration statement contains untrue statements or omissions of material facts. Montague v. Electronic Corp. of America, supra.

What I have said above applies with equal force to sections 10(b) and 9(a) of the Act of 1934 and to Rule 10-B-5 if plaintiffs are relying on the alleged false statements or omissions in the registration statement and prospectus.

From statements in plaintiffs' affidavits and brief it would appear that they were relying on facts other than those derived from the registration statement and prospectus.

The complaint is not too clear in this regard. Paragraph "Thirty-First", as I have stated before, is couched in general terms in the language of the sections of the 1934 Act relied on by plaintiffs. The factual picture in the complaint differs from the factual picture set forth in plaintiffs' affidavit and brief.

Defendants' motion as to the second cause of action is granted with plaintiffs' right, however, to amend to set up a cause of action not based upon any alleged untrue statements of a material fact or omission to state a material fact.

■■ Defendants' motion designated "4" is denied. The suit at bar is of the type denominated a spurious class suit and may be maintained under Rule 23(a) (3) of the Federal Rules. See Independence Shares Corp. v. Deckert, 3 Cir., 1939, 108 F.2d 51, reversed on other grounds, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189. The class is formed solely by the presence of a common question of law or fact. "When a suit is brought by or against such a class, it is merely an invitation to joinder—an invitation to become a fellow traveller in the litigation which may or may not be accepted. It is an invitation and not a command performance." Moore's Federal Practice, 2d Ed., Vol. 3, p. 3443. Under such circumstances injured parties who are so injured may present the grievance to a Court on behalf of all and the remaining members of the class may join as they see fit. Weeks et al. v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84.

■ With respect to "5", I feel that the plaintiffs should be required to file an undertaking pursuant to section 11 of the Act of 1933, 15 U.S.C.A. § 77k. The plaintiffs' affidavits charge matters far afield of the allegations of the complaint, but they do not dispel the notion that they knew of the alleged misleading statements and the like long before they presently assert. I direct, therefore, that the plaintiffs shall file an undertaking in the amount of $3,000 to cover all the defendants without prejudice to an application by any of the defendants for an increase as the situation develops.

It is unnecessary to decide "6" now.

Settle orders in accordance with the above.