PREMIER INDUSTRIES, INC.

v.

DELAWARE VALLEY FINANCIAL
CORPORATION
and
J. Myron Honigman
and
Elliott A. Meyer
and
Robert B. Miller
and
Stanton R. Miller.

Civ. A. No. 27983.

United States District Court
E. D. Pennsylvania.

Aug. 1, 1960.

Louis J. Goffman, Franklin Poul, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

Aaron M. Fine, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendants, Delaware Valley Financial Corp., J. Myron Honigman and Elliott A. Meyer.

Charles H. Greenberg, Robinson, Greenberg & Lipman, Philadelphia, Pa., for defendants, Robert B. Miller and Stanton R. Miller.

CLARY, District Judge.

The present action appears to be grounded upon three distinct and independent statutory sections—two sections of the Securities Act of 1933 (i. e., §§ 77l(2) and 77q of Title 15 U.S.C.A.), and one section of the Securities Exchange Act of 1934, (i. e., § 78j of Title 15 U.S. C.A.).

The plaintiff, Premier Industries, Inc., seeks to rescind an allegedly fraudulent sale of all of the outstanding stock of National Dynamics Corporation in return for a sum in excess of $2,500,000.

The defendants have moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or, in the alternative, for a more specific statement, Rule 12(c) of the Federal Rules of Civil Procedure.

The defendants' contentions rest upon the applicability and interpretation of section 77m of Title 15 U.S.C.A. which is in effect a special statute of limitations provision. The pertinent part of that section reads as follows:

"No action shall be maintained to enforce any liability created under section 77k or section 77L(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence * * *."

The defendants contend that certain allegations not contained in the complaint are *essential* to the plaintiff's cause of action by virtue of the above statutory provision. For this reason they ask us to dismiss the action. Those missing allegations are as follows: (1) allegations as to the circumstances surrounding the discovery of the alleged fraud; (2) allegations as to why the alleged fraud was not discovered sooner, and (3) allegations as to what diligence the plaintiff used in making such discovery. The precise issue before us is whether the affirmative allegation of such facts is *essential* to a claim for relief based upon any or all of the statutory sections relied upon by the plaintiff.[1]

We will take sections 77q and 78j first, since on its face section 77m does not purport to apply to actions based upon either of these sections. The sole authority upon which the defendants rely in support of their contention that the limitation section does apply to

1. The defendants Robert B. Miller and Stanton R. Miller raise the further argument that since the agreement of sale contained an arbitration clause the present controversy is properly a matter for an Arbitrator. We think this contention is clearly forestalled by the case of Wilko v. Swan, 1953, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 which is directly on point.

actions based on these sections is Rosenberg v. Globe Aircraft Corp., D.C.E.D.Pa.1948, 80 F.Supp. 123. Such reliance appears ill-founded. The Rosenberg case did not involve section 77m at all. Rather it dealt primarily with a question of *venue* and held that the *venue* provisions of the Securities Act of 1933 (i. e., §§ 77 k and 77*l*) applied to private suits under the Securities Exchange Act of 1934 as well. Whatever help the defendants may find in the general language or reasoning of that case does not, in our opinion, survive the fact that Judge Kirkpatrick was dealing with a procedural matter in the venue problem arising under section 78j of the Securities Exchange Act of 1934—which section he concluded was governed by the venue provisions of the Securities Act of 1933. In contrast section 77m, with which we are dealing, is not procedural but substantive.[2] Moreover section 77m *expressly* refers to liability under section 77k and section 77*l* (2), and for this Court to extend its application to other sections of either Act by judicial interpretation would be an affront to the legislative process. Finally, aside from all that has been said, there are such cases as Osborne v. Mallory, D.C.S.D.N.Y.1949, 86 F.Supp. 869; Tobacco and Allied Stocks v. Transamerica Corp., D.C.D.Del.1956, 143 F.Supp. 323, and other cited cases therein, which have expressly held that the statute of limitations applicable to actions under section 77q or section 78j of Title 15, U.S.C.A., is the applicable state statute of limitations. The only explanation offered by the defendants for these cases is that the contention that the limitation provision of section 77m applied to such actions "was apparently not raised or considered in [these cases]". The contention has now been raised, considered and rejected.

■ Turning then to section 77*l*(2), the question becomes one of interpretation rather than application, since section 77m by express language applies to that section. As already pointed out, the courts have interpreted this limitation section as substantive rather than procedural, in the sense that it is viewed as setting forth an essential ingredient of a private cause of action based upon sections 77k or 77*l*(2) of the Securities Act of 1933. A failure to plead facts in conformity with this section is fatal to any claim based upon either section 77k or section 77*l*(2). Osborne v. Mallory, supra; Fischman v. Raytheon Mfg. Co., D.C.S.D.N.Y.1949, 9 F.R.D. 707; reversed on other grounds 2 Cir., 188 F.2d 783; Shonts v. Hirliman, D.C.S.D.Cal. 1939, 28 F.Supp. 478.

The plaintiff has attempted to distinguish these cases, some of the language of which it candidly admits "suggests that the exercise of reasonable diligence is a condition to the bringing of the action." It argues that the facts in the present case clearly show that an unreasonable amount of time did not elapse between the date of sale and the date of discovery, whereas, the reverse was true in the cases cited by the defendants. Accepting this distinction to be true, we do not think it dispositive.[3] The argument that a substantive element of a cause of action must be pleaded only after the passage of an "unreasonable" period of time is without merit.

■ Perhaps even more persuasive than the above reasoning is the logical conclusion one reaches after a careful examination of the language of section 77m itself. The word "or" immediately preceding the phrase which gave rise to the problem before us,[4] we conclude can

---

2. Rosenberg v. Hano & Co., D.C.E.D.Pa. 1938, 26 F.Supp. 160.

3. To make this distinction more appealing the plaintiff attempts to cast it in terms of a rule applicable to every case. Thus it contends that where the complaint indicates an unusually long period of delay between the sale and discovery of the fraud, there arises a "natural inference" of lack of diligence, which inference must then be negated by some affirmative pleading by the plaintiff.

4. "No action shall be maintained to enforce any liability created under section

only be interpreted conjunctively and not disjunctively. This being so, a reasonable interpretation of this section requires the plaintiff to make some allegation consistent with the *whole* import of the conjunctive phrase, rather than with just one part of it. To say that a plaintiff *must* allege that the action was commenced within one year after discovery but that he need not allege that such discovery should not have been made sooner by the exercise of reasonable diligence would amount to either: (1) construing the second phrase as disjunctive, or (2) failing to give it any operative meaning at all. To do either would violate sound rules of statutory construction.

For the foregoing reasons we hold that the plaintiff must amend his complaint—but only as to his claim for relief grounded upon section 77l(2) of Title 15, U.S. C.A. As to his claim for relief grounded upon section 77q and section 78j of Title 15, U.S.C.A., there is no need for the plaintiff to affirmatively allege reasonable diligence in discovering his cause of action.

### Order

And Now, to wit, this 1st day of August, 1960, for the reasons set forth in the foregoing Opinion, it is Ordered, Adjudged And Decreed:

1. That the motion of the defendants Delaware Valley Financial Corporation, J. Myron Honigman and Elliott A. Meyer, and the similar motion of the defendants Robert B. Miller and Stanton R. Miller, to dismiss the complaint for failure to state a claim upon which relief can be granted be and they are hereby Denied, upon condition that as to any claim for relief based upon section 77l (2) of Title 15, U.S.C.A., the plaintiff amend its complaint within thirty (30) days of the date hereof to include specific allegations in conformity with section 77m of Title 15, U.S.C.A.;

2. That the motion of the defendants Delaware Valley Financial Corporation, J. Myron Honigman and Elliott A. Meyer, and the similar motion of the defendants Robert B. Miller and Stanton R. Miller, for a more specific statement be and they are hereby Denied, upon condition, however, that the plaintiff further amend its complaint to indicate the specific sections of the Securities Act of 1933 or the Securities Exchange Act of 1934 upon which it rests the various counts of its complaint;

3. That the motion of the defendants Robert B. Miller and Stanton R. Miller to stay these proceedings pending arbitration be and it is hereby Denied.