**Leon KROUNGOLD and Thaddeus S. Bochey**

v.

**Stanton L. TRIESTER, et al.**

Civ. A. No. 74-1628.

United States District Court, E. D. Pennsylvania.

Dec. 17, 1975.

Reeder R. Fox, Philadelphia, Pa., for plaintiffs.

Paul R. Rosen, Philadelphia, Pa., for defendants.

## OPINION

BECHTLE, District Judge.

This case involves alleged violations of federal and state securities statutes arising out of the sale of limited partnership interests in a real estate venture. Presently before the Court is defendants' motion to dismiss the first, second and fifth causes of action of plaintiffs' amended complaint for failure to state a claim upon which relief can be granted, as well as defendants' motion for a more definite statement. Jurisdiction of this Court over the federal claims is invoked under 15 U.S.C. § 77v and 15 U.S.C. § 78aa. Jurisdiction over the state claims is predicated upon the doctrine of pendent jurisdiction.

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the material allegations of the complaint are taken as admitted and the complaint is liberally construed in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). The amended complaint in this case reveals the following factual basis for plaintiffs' claims. During the year 1972, defendants[1] offered prospective investors, including plaintiffs, subscriptions for limited partnership interests in several real estate investments. One of these potential investments was known as Space #3 Triester Associates ("Space #3"). A summary sheet regarding Space #3 was distributed by defendants at the time of the offering

---

1. At all relevant times, Stanton L. Triester ("Triester") served as President of Stanton L. Triester International Investment & Financial Corp. ("Triester International").

which contained a description of the venture, as well as tax projections regarding anticipated income to investors. In reliance upon this summary sheet, and other representations allegedly made by defendants, plaintiff Kroungold subscribed to a limited partnership interest in Space #3 for the sum of $20,000, and plaintiff Bochey subscribed to a limited partnership interest in Space #3 for the sum of $25,000.[2] Space #3 is a limited partnership which owns an apartment development of 216 units in Houston, Texas. Triester is the general partner and Triester International is the substitute general partner. Plaintiffs are two of the 22 limited partners. Plaintiffs now claim that they were misled by defendants and they seek to recover the amount of their investment, plus interest.

Plaintiffs' first cause of action is based upon Section 5(c) of the Securities Act of 1933, 15 U.S.C. § 77e(c), which provides, in pertinent part, as follows:

> It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security . . . .

Plaintiffs contend that defendants' undisputed failure to file a registration statement with the Securities and Exchange Commission ("S.E.C.") in connection with the offer to sell interests in the Space #3 venture violated the above-cited statute. Liability to the purchaser for such a violation is created by Section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(1).

█ Preliminarily, the Court notes its agreement with plaintiffs that the offering of a limited partnership interest in Space #3 constituted an offering of a "security" within the meaning of Section 2(1) of the Securities Act of 1933, 15 U.S.C. § 77b(1). We believe the offered interest qualifies as an "investment contract" within the definitional perimeter of that term announced in *Securities & Exchange Commission v. W. J. Howey Co.,* 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946):

> The test is whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others. If that test be satisfied, it is immaterial whether the ·enterprise is speculative or non-speculative or whether there is a sale of property with or without intrinsic value.

*See McGreghar Land Company v. Meguiar,* 521 F.2d 822, 824 (9th Cir. 1975); S.E.C. Release No. 33–4877, 32 Fed.Reg. 11705 (1967).

█ Defendants contend that, assuming *arguendo* a registration statement was required to be filed, the first cause of action in plaintiffs' amended complaint is barred by the statutory limitations period. Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m, provides in pertinent part: "No action shall be maintained . . ., if the action is to enforce a liability created under section 77*l*(1) of this title, unless brought within one year after the violation upon which it is based."

The offer to purchase an interest in Space #3 was made to plaintiffs during 1972 and, in fact, the sales took place during that year (Plaintiffs' Amended Complaint, paragraphs 8, 19, 20). The original complaint in this case was filed on June 26, 1974. Clearly, more than twelve months passed between the alleged violation and the filing of the complaint. Accordingly, plaintiffs' first cause of action, based on Section 12(1) of

---

**2.** Specifically, the amended complaint alleges that Kroungold invested in Space #3 by delivering $20,000 to defendants on or about June 28, 1972, and by executing an Agreement of Limited Partnership on or about October, 1972. Bochey allegedly invested in Space #3 by delivering $25,000 to defendants on or about April 29, 1972, and by subsequently executing an Agreement of Limited Partnership. *See* paragraphs 19 and 20 of the Amended Complaint.

the Act, is barred by the statute of limitations and will be dismissed.[3]

■ The second cause of action stated in the amended complaint alleges a violation of Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), which makes a person liable to a purchaser of a security if that person:

"(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission . . . ."

Defendants have suggested two reasons why they believe this cause of action should be dismissed. The first is stated as follows:

"Congress clearly intended that § 12(2) should apply to the situation where a registration statement is filed and is deceptive and misleading. Section 12(2) does not apply where no registration statement has been filed." Defendants' Brief in Support of Motion to Dismiss and For a More Definite Statement, at 6–7.

We disagree. Section 12(2) has as much applicability to unregistered securities as to securities for which a registration statement has been filed. *See Kubik v. Goldfield*, 479 F.2d 472, 477 (3d Cir. 1973); *DeMarco v. Edens*, 390 F.2d 836, 841 (2d Cir. 1968); *Dorfman v. First Boston Corporation*, 336 F.Supp. 1089, 1098 (E.D.Pa. 1972).

■ The real question raised by the pleadings is whether a misleading "prospectus or oral communication" was used by defendants in offering or selling the interests in Space #3. Plaintiffs' primary contention is that the summary sheet issued by defendants contained untrue and misleading statements. Apparently, plaintiffs view this summary sheet, which is attached as Exhibit A to the amended complaint, as the prospectus upon which Section 12(2) liability may be based. The term "prospectus" is defined in Section 2(10) of the Securities Act of 1933, 15 U.S.C. § 77b(10), as "any prospectus, notice, circular, advertisement, letter, or communication, written or by radio or television, which offers any security for sale or confirms the sale of any security . . . ." (Omitted exceptions not relevant.) Examination of the summary sheet concerning Space #3 reveals that it describes the venture and projects the anticipated income to investors, but neither offers nor confirms the sale of any limited partnership interest on its face. While custom and common knowledge suggest that there may have been an attached cover letter making clear that defendants were offering interests in the described project to investors, which would qualify the summary sheet representations as those of a prospectus, the Court cannot and should not speculate on such a basic issue. If plaintiffs' proof at trial fails to bring the summary sheet within the confines of the statutory definition, we will then consider a motion to dismiss the second cause of action on the basis of the evi-

---

**3.** Plaintiffs, relying upon *Katz v. Amos Treat & Co.*, 411 F.2d 1046 (2d Cir. 1969), suggest in their memorandum of law opposing defendants' motion to dismiss that defendants may be estopped from asserting a defense based upon the statute of limitations if representations were made that a registration statement was going to be filed with the S.E.C. The

Court doubts that anyone is in a better position than plaintiffs to know whether such representations were made. Since the amended complaint contains no allegation that any such representation was made, this Court is neither permitted nor willing to speculate as to that possibility in order to save the claim.

dence before the Court at that time, including any evidence of other alleged representations by defendants, as yet undescribed, that might have been contained in a prospectus or an oral communication within the meaning of the Act.[4]

■ The next ground asserted by defendants for dismissing plaintiffs' Section 12(2) claim is that it is barred by the statute of limitations found in Section 13 of the Securities Act. The relevant portion of that section states that "[n]o action shall be maintained to enforce any liability created under section . . . 77*l*(2) of this title [Section 12(2)] unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence . . ., ."

Paragraph 7 of plaintiffs' amended complaint states:

> Due to the fraudulent concealment practiced by the defendants, the plaintiff Kroungold was unaware, in the exercise of due diligence, of the fraudulent and deceptive acts and conduct of the defendants until March, 1974, and the plaintiff Bochey was unaware, in the exercise of due diligence, of the fraudulent and deceptive acts and conduct of the defendants until June, 1974.

The substance of this allegation is restated in paragraph 26 of the amended complaint as part of the second cause of action. Despite the insertion of factual allegations within defendants' brief in support of their motion,[5] the Court is confronted not with a motion for summary judgment, but rather a motion to dismiss this cause of action for failure to state a claim upon which relief can be granted. Limitations issues of this type

ordinarily require factual determinations and are best left to trial for resolution. *Tomera v. Galt,* 511 F.2d 504, 510–511 (7th Cir. 1975). However, this does not relieve plaintiff of the obligation of affirmatively pleading sufficient facts in the complaint to demonstrate conformity with Section 13, which has been held to be an essential ingredient of any private cause of action based upon Section 12(2) of the Securities Act. *In re Caesars Palace Securities Litigation,* 360 F.Supp. 366, 377 (S.D.N.Y. 1973); *Kramer v. Scientific Control Corporation,* 352 F.Supp. 1175, 1176 (E.D.Pa. 1973). Failure to plead sufficient facts is fatal to any Section 12(2) claim and requires the granting of a motion to dismiss such a cause of action. *Premier Industries, Inc. v. Delaware Valley Financial Corp.,* 185 F.Supp. 694, 696 (E.D.Pa. 1960).

■ A proper complaint should include: (1) allegations as to the time and circumstances of discovery of the alleged fraud; (2) allegations as to why the alleged fraud was not discovered sooner; and (3) allegations as to what diligence the plaintiff used in making such discovery. We do not believe that the instant complaint adequately satisfies that standard. Accordingly, we will require plaintiffs, in order to avoid dismissal of this cause of action, to file a new amended complaint which includes specific, factual allegations of the type outlined herein.

■ The fifth cause of action in the amended complaint alleges that defendants' conduct violated the Pennsylvania Securities Act. Plaintiffs concede in their memorandum contra defendants' motion that it is the Act of 1939, 70 P.S. § 31 *et seq.,* and not the Pennsylvania Securities Act of 1972, 70 Pa.C.S.A. § 1–101 *et seq.* (Supp.1975), which is applica-

---

4. Plaintiffs' second cause of action will only survive for trial if defendants' other objection to it is promptly met. See discussion, *infra.*

5. Defendants have apparently misconstrued the basis of plaintiffs' Section 12(2) claim. The underlying allegation is not that the failure to file a registration statement in regard to Space #3 constituted a violation of the stat-

ute, but rather the claim is predicated upon the alleged representations made to plaintiffs, whether in the summary sheet or elsewhere. Thus, the critical question, in terms of the statute of limitations, is when plaintiffs did, or should have, become aware of the falsity of defendants' representations or the omission of material fact from those representations.

420

ble in this case. *See* 70 Pa.C.S.A. § 1–704(a) (Supp.1975). Without citing any particular section of the statute, plaintiffs ask us to imply a private right of action for damages from the 1939 Act. We do not believe that the existence of a private right of action may be properly inferred from the Pennsylvania Securities Act of 1939 and we will, therefore, refuse to exercise pendent jurisdiction over this claim. *See Kobil v. Forsberg*, 389 F.Supp. 715, 717, 720 (W.D.Pa. 1975).

Unlike the 1972 Act, which clearly provides in Part V for private actions to recover damages from violators of that Act, the Pennsylvania Securities Act of 1939 makes no mention of enforcement by private individuals or civil liability for violations of its provisions. We think the specific inclusion of such provisions in the new statute indicates a recognition on the part of the Pennsylvania legislature that a private remedy was not available under the 1939 Act.

█ While the Court recognizes that the Pennsylvania Securities Act is remedial legislation primarily intended to protect the investing public, *Commonwealth v. Yaste*, 166 Pa.Super. 275, 70 A.2d 685 (1950), this fact alone does not necessitate the inference of a right of action in favor of investors who deem themselves to be in need of the Act's protection. *Cf. Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 95 S.Ct. 1733, 1739, 44 L.Ed.2d 263 (1975). The Superior Court of Pennsylvania has referred to criminal prosecution as "*the* penalty of the act." *Commonwealth v. Summons*, 157 Pa.Super. 95, 41 A.2d 697, 699 (1945). In the absence of any "clear contrary evidence of legislative intent," which this Court has been unable to find, we think the general principle of statutory construction applies that "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). For that reason, the fifth cause of action will be dismissed.

█ Finally, defendants ask this Court to compel a more definite statement from plaintiffs as to the date and time of the alleged purchase of the securities involved herein. A motion for a more definite statement, pursuant to Fed.R.Civ.P. 12(e), is addressed to the discretion of the court and will be denied unless the defendant cannot reasonably be expected to frame a responsive pleading to the complaint. *Robinson v. Penn Central Co.*, 336 F.Supp. 658, 659 (E.D. Pa. 1971). We think that paragraphs 18–20 of the amended complaint adequately provide the information sought by defendants. If the second cause of action is amended in accordance with the standards enunciated in this Opinion, defendants will have additional information as to the time sequence involved in this case. If defendants seek further detail, discovery is the proper course. Accordingly, the motion for a more definite statement will be denied.