**Ruben LONGORIA and Alvina Longoria, Plaintiffs-Appellants,**

v.

**CITY OF BAY CITY, TEXAS, Defendant-Appellee.**

No. 85–2375

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1986.

---

Larry Watts, Houston, Tex., for Longoria.

Roger Townsend, Houston, Tex., for City of Bay City.

Before POLITZ, WILLIAMS and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The appellants, Ruben and Alvina Longoria, contend that because their claim accrued less than two years before they filed this lawsuit, their 42 U.S.C. § 1983 lawsuit against the City of Bay City is not barred by the applicable two-year statute of limitations. Holding that the Longorias' cause of action had accrued at the time that "any reasonable mind" would have made inquiries into a possible cause of action, the district court entered summary judgment for Bay City. Because we hold that the Longorias' cause of action did accrue more than two years before this action was brought, and is therefore barred by the statute of limitations, we affirm the district court.

I.

Ruben and Alvina Longoria moved into a new home in the Bay Ridge subdivision of Bay City, Texas, in late June 1979. Their home was later flooded by tropical storms and heavy rains in July 1979, September 1979, June 1981, May 1982, and February 1983. The Longorias filed a lawsuit in July 1983 alleging that various city officials had conspired to deprive and had deprived them of their fourteenth amendment property rights by fraudulently representing to them, before they purchased their home, that their land was not susceptible to flooding. The Longorias also asserted several pendent state law claims of fraud, grounded in a municipal ordinance which establishes guidelines for reducing flood damage.

In response to the defendants' motion for summary judgment under Fed.R.Civ.P. 56, the district court held that the Longorias' section 1983 claim was governed by the two-year Texas statute of limitations on "actions of trespass for injury done to the estate or the property of another," Tex. Rev.Civ.Stat.Ann. art. 5526(1) (Vernon 1979). The parties agree that the article 5526 statute of limitations was the appropriate one to apply to claims asserted under section 1983 in Texas. *See Moore v. El Paso County, Texas,* 660 F.2d 586, 589–90 (5th Cir.1981). *See also Wilson v. Garcia,*

— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (for limitations purposes, section 1983 actions are best characterized as personal injury actions; state statutes governing actions for an injury to the person govern timeliness of section 1983 actions). The point of contention on appeal is whether the district court erred in its determination of when the cause accrued, triggering the two-year statute of limitations.

We consider the appellants' claims, noting that we are bound to view all the evidence in the light most favorable to the appellants to determine whether they have raised any genuine issue of material fact. *Prinzi v. Keydril,* 738 F.2d 707, 709 (5th Cir.1984).

## II.

■ Although the state statute of limitations governs the timeliness of this section 1983 action, the question of when the cause of action accrues is a matter of federal, not state, law. *Moore,* 660 F.2d at 590 n. 4; *Lavellee v. Listi,* 611 F.2d 1129, 1130 (5th Cir.1980). The federal standard used to determine the accrual of a section 1983 cause of action is that the cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Lavellee,* 611 F.2d at 1131. The limitations period thus begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendant.

The Longorias argue that they had no reason to be aware of the alleged fraud of the defendant city until December 1981 when they read a newspaper account of the filing of a different lawsuit against the city. Although they were of course aware of the flooding itself much earlier, they claim that they had no reason to ascribe fraudulent motives or behavior to the defendant until they found out through the newspaper that the city had been on notice of potential flooding problems in the Bay Ridge subdivision before they purchased their home. Therefore, they claim, the statute of limitations did not begin to run until December 1981 when they became aware of the possibility of fraud. If we accept the Longorias' argument on this issue of fact, then their section 1983 suit is not time-barred.

In general, the accrual period under article 5526 is to be measured from the time of the injury. *See, e.g., Pack v. Taylor,* 584 S.W.2d 484, 486. (Tex.1979); *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). The Longorias first discovered flooding on their property in July 1979. We have held that the statutory period under article 5526 commences upon the plaintiff's discovery of the injury or of its cause. *Timberlake v. A.H. Robins Co.,* 727 F.2d 1363 (5th Cir.1984). In *Timberlake,* after the plaintiff's condition was diagnosed, the plaintiff underwent surgery and was told at the time of her surgery that her problems had been caused by an intrauterine device. She argued, however, that the statute of limitations did not begin to run until three years later when she saw a television program that indicated the possibility of negligence by the defendant. We held that the limitations period began to run when she discovered her injury and its cause in fact, i.e., at the time of her surgery. *Timberlake,* 727 F.2d at 1366.

■ The district court held that the Longorias knew of their injury (the flooding) and its cause (the fact that their home was in an area susceptible to flooding) in July 1979 when they first discovered flooding on their property. We do not agree with the Longorias that the occurrence of one flood on their property was not enough to have put them on notice of a possible cause of action in fraud.

The Longorias claim that they had been informed by private and public officials that their land was not susceptible to flooding, but that after the first flood, they realized "the supposedly flood-safe subdivision of Bay Ridge was exhibiting characteristics of being flood-prone." They complained to their homeowners insurance carrier and to their financing company.

Receiving no satisfaction there, they helped organize a homeowners' association with other residents of Bay Ridge. The Longorias then purchased flood insurance, for the first time, through the National Flood Insurance Program.

The fact that the Longorias took all of this action after the first flood and before the second clearly establishes that they knew of their injury, and were on notice of its cause, at the occurrence of the first flood. In *Timberlake,* we rejected the plaintiff's argument that the statute of limitations was tolled until she became aware through a television program of possible wrongdoing by the defendant. Similarly, we reject the Longorias' argument here that the statutory period was tolled until they learned through a newspaper article of possible wrongdoing by this defendant. They were on ample notice after the first flood that it would be appropriate to investigate the possibility of fraud. At that point, the limitations period began to run and the Longorias acquired a duty to exercise reasonable diligence to discover their cause of action. *Timberlake,* 727 F.2d at 1366. The argument that the statutory period is tolled until the plaintiff learns that the defendant's conduct may have been wrongful finds no support in the relevant case law.

We therefore hold that the limitations period began running in July 1979, the date of the first flood. Since the Longorias did not file their section 1983 lawsuit until July 1983, more than two years after the commencement of the limitations period, their section 1983 action is time-barred.* Because the record of this case demonstrates that there is no material factual issue in dispute, we affirm the district court's entry of summary judgment.

AFFIRMED.

---

* The Longorias also argue that the district court committed error when it held alternatively that under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the availability of state tort damage suits against private actors provides post-deprivation procedures adequate to meet the requirements of due process. Because we have already found that the plaintiffs' section 1983 action is time-barred by the two-year statute of limitations, we do not reach the constitutional issues raised by their second argument.