**ARGOSY 1981–B, LTD., a Utah limited partnership, Plaintiff,**

v.

**Sam P. BRADLEY, Defendant.**

**Civ. No. C85–926G.**

United States District Court, D. Utah, C.D.

Feb. 4, 1986.

John B. Maycock, Salt Lake City, Utah, for plaintiff.

Theodore E. Kanell, Salt Lake City, Utah, for defendant.

## DECISION AND ORDER

J. THOMAS GREENE, District Judge.

The matter came on regularly for hearing on January 27, 1986, on defendant's Motion to Dismiss or to Transfer Venue. The Court also heard argument on plaintiff's Motion to Strike the affidavit of Sam P. Bradley. Both parties submitted memorandums of law. The Court heard oral argument and took the matters under advisement. After due consideration the Court denies defendant's Motion to Dismiss. Defendant's Motion does, however, raise an issue of law that warrants comment.

As part of its Amended Complaint, plaintiff asserts a civil claim under the Racke-

teer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Defendant has challenged this claim as untimely. In support of its claim, defendant asserts that since RICO does not contain its own limitation period, the statute of limitations which ought to be applicable to RICO claims is set forth in Utah Code Ann. § 78–12–29. That statute requires the filing of an action within one (1) year as to the following causes:

(1) an action for liability created by the statutes of a foreign state, (2) an action upon a statute for a penalty or forfeiture where the action is given to an individual, or to an individual in the State, except where the statute imposing or prescribing a different limitation ...

Defendant argues that civil RICO is a new cause of action which creates a new liability. Because section 1964 of RICO provides for treble damages, defendant further argues that in essence it requires a penalty or forfeiture. No authority is cited in support of the assertion that a penalty and forfeiture statute should apply. The Court is aware of an unpublished case which applied a penal statute of limitations period of two years to a RICO claim. *See Caldarone v. Brown*, No. 80–C–625J (N.D.Ill. 1980). Since that bench decision, a large body of case law has evolved concerning which state statutes of limitation are most analogous and appropriate for application in the context of a RICO claim.

Apart from the Rico statute, courts have addressed the relevant considerations in determining which state statute of limitations should be applied to a federal claim where no time bar provision appears in the federal statute. Thus in *O'Hara v. Kovens*, 625 F.2d 15 (4th Cir.1980), *cert. denied* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981), the court said:

When borrowing a state statute of limitations for federal purposes, a court should look to the statute which most clearly addresses the same or similar policy considerations as are addressed by the federal right being asserted. It is not necessary that the state statute operate in the same fashion as the federal scheme, nor is it necessary that the state statute describe a cause of action identical to the federal cause at issue. There simply must be a commonality of purpose between the federal right and the state statutory scheme so that it is reasonable to subject the federal implied right to the statute of limitations provided by state law. 625 F.2d at 18 (citations omitted).

The Tenth Circuit has applied a similar rationale in the context of § 1983 claims. *See Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984) (en banc).

Applying these considerations to RICO claims, many courts have determined that the appropriate statute of limitations for a RICO claim is the state statute for common law fraud where as here the predicate acts upon which the RICO claim is based are securities, wire or mail fraud. *See, e.g., Kirschner v. Cable/Tel Corp.*, 576 F.Supp. 234, 241 (E.D.Pa.1983); *Durante Bros. and Sons, Inc. v. Flushing National Bank*, 571 F.Supp. 489. A case on point with the one at bar is *Steven Operating, Inc. v. Home State Savings*, 105 F.R.D. 7 (S.D.Ohio 1984). In *Steven Operating*, the defendants moved the Court to permit amendment of their counterclaim to include a cause of action under RICO. Defendants asserted that an Ohio six-year statute of limitations for "liability founded upon statute," was applicable. The court rejected that assertion, finding that RICO does not create a new *liability;* rather, RICO creates only a new *remedy*. The Court said:

In short, the liabilities sought to be covered by the application of the RICO ... does no more than create a new remedy for common law fraud. Id. at 11.

The court in *Steven Operating* also considered the question of applicability of an Ohio statute providing a one-year limitation period for statutes imposing a forfeiture or penalty. Relying on *Englander Motors, Inc. v. Ford Motor Co.*, 293 F.2d 802 (6th Cir.1961) which held that treble damages provisions in civil antitrust laws are not punitive, the court held the one-year limitation statute to be inapplicable, and applied

Ohio's four-year statute of limitations for fraud. *Steven Operating* at 11.

The rationale of the *Steven Operating* opinion is even more compelling in light of the recent Supreme Court decision of *Sedima v. Imrex Company, Inc.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). In *Sedima* the Supreme Court held that RICO requires no showing of a racketeering injury beyond that suffered as a result of predicate acts. In light of that holding, we agree that RICO does not create a new liability. However, even if it did, we find that the most analogous statute of limitations provision in Utah is U.C.A. § 78–12–26, which provides for a three year limitation from the date of discovery of the fraud.

Defendant's Motion to Dismiss, or in the alternative to Transfer, is hereby denied. In light of the ruling, the Court need not reach plaintiff's Motion to Strike.

IT IS SO ORDERED.