Sherman A. BERNARD, Insurance Commissioner, State of Louisiana, as Rehabilitator of the First American Life Insurance Company, a Louisiana Corporation

v.

Richard O. RUSH, et al.

Civ. A. No. 85–458–B.

United States District Court, M.D. Louisiana.

Aug. 20, 1986.

Fredrick R. Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for Bernard.

Leonard L. Kilgore, III, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for Delage and Madison.

Wood Brown, III, New Orleans, for Logic, Inc.

Michael E. Robinson, Dallas, Tex., Peter G. Burke, New Orleans, La., for Rauscher-Pierce Refsner, Inc.

Shelly C. Zwick, Roy, Kiesel, Aaron & West, William F. Ridlon, II, McCollister, McCleary, Fazio & Holliday, John L. Avant, Avant & Falcon, O'Neal Walsh, Franklin, Moore & Walsh, Baton Rouge, La., for other defendants.

Roy C Cheatwood, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Morris Newman.

Robert L. Klienpeter, Kleinpeter & Kleinpeter, Baton Rouge, La., for Richard O. Rush, Richard O. Rush, Jr., North Zachary Farms, Inc., Jefferson Standard Mortg. Corp., and Southern Educators Development Corp.

F. Barry Marionneaux, Plaquemine, La., for G.G. and Jeanette Watson.

Camille F. Gravel, Jr., Gravel & Brady, Baton Rouge, La., Mark David, Gaynell C. Methvin, Moore & Peterson, Dallas, Tex., for Charles C. Rush, Southern Nat. Life Ins., Hobby and Southern Nat. Consulting Corp.

POLOZOLA, District Judge.

Sherman A. Bernard, the Commissioner of Insurance for the State of Louisiana, has filed this action as the Rehabilitator of the First American Life Insurance Company against some thirty-nine defendants. This suit alleges violations of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b), the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961–1968, and various state law based claims.

Ramon Jarrell was named as one of the defendants in this case. He has now filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Jarrell contends the Court lacks subject matter jurisdiction and the plaintiff's suit has prescribed.

The Court finds that the Court has subject matter jurisdiction in this case. Therefore, Jarrell's motion to dismiss under Rule 12(b)(1) is denied.

Jarrell also seeks a dismissal of the Rule 10b–5 and RICO actions under Rule 12(b)(6) on the ground that plaintiff's suit has prescribed. Jarrell seeks to have the Court apply the Louisiana one year prescriptive period to the RICO claim or in the alternative, the two year prescriptive period set forth in the Louisiana Blue Sky Law, LSA–R.S. 51:714 C [1]. Jarrell contends the two year prescriptive period is applicable to the Rule 10b–5 claim.

The Court finds that the complaint does state a claim or cause of action against Jarrell. Thus, Jarrell's motion to dismiss can only be granted if the Court finds either or both of the claims asserted under Rule 10b–5 or RICO prescribed.

### A. The RICO Claim

The allegations set forth in the RICO claim allege certain fraudulent acts on the part of the defendants, including Jarrell. In Louisiana, liability for participating in a scheme or artifice to defraud is governed by Article 2324 of the Louisiana Civil Code. Since Article 2324 of the Louisiana Civil Code is a delictual action, it is governed by the one year prescriptive period set forth in Article 3492.

Thus, the first issue the Court must determine on this motion is the prescriptive period to be applied in actions brought pursuant to the Civil RICO Statute, 18 U.S.C. § 1961–1968. The second issue to be decided is when does this prescriptive period begin to run.

■ In *Hall v. Sutton,* (Civil Action 84–765, M.D.La.) [Available on WESTLAW, DCTU database], this Court found the Louisiana one year prescriptive period to be applicable in civil RICO cases. More recently, judges in the Eastern and Western Districts of Louisiana have issued similar rulings. *Moore v. A.G. Edwards & Sons, Inc.,* 631 F.Supp. 138 (E.D.La.1986); *Davis v. A.G. Edwards and Sons, Inc.,* 635 F.Supp. 707 (W.D.La.1986). Because the Court believes the decision by Judge Feldman in *Moore* correctly sets forth the law on this issue,

the Court hereby adopts the following portion of Judge Feldman's opinion as the Court's opinion in this case:

RICO and Prescription

The RICO statute, 18 U.S.C. §§ 1961–1968, does not specify a limitation period. One must therefore be chosen by analogy. Defendants contend that the one year general fraud period of Louisiana Civil Code Article 3492 should be used. Plaintiffs contend that the longer two year period of the Louisiana Blue Sky Law should be used because it best effectuates the purpose of RICO.

The Court finds that the one year limitation period of the Louisiana general fraud statute is most closely analogous to RICO. The end result of the conduct at issue points to a classic scheme to defraud. The fact that the claim partially stems from securities fraud does not change the pivotal nature of the claim as that of plain common law fraud. At the core of this dispute is the charge that Howard cheated plaintiffs. The central evil RICO targets is fraud; RICO challenges fraudulent conduct in a variety of forms; and, therefore, the limitation period for fraud should apply. See, 18 U.S.C. 1961; *Kirschner v. Cable Tel Corp.,* 576 F.Supp. 234, 241 (E.D.Pa. 1983); *Eisenberg v. Gagnon,* 564 F.Supp. 1347, 1354 (E.D.Pa.1983); *D'Iorio v. Adonizio,* 554 F.Supp. 222 (M.D.Pa. 1982); *Ingram v. J. Ray McDermott & Co., Inc.,* 495 F.Supp. 1321, 1324 n. 4 (E.D.La.1980).

Application of the one year period in no way frustrates, or is inconsistent with, the federal policy underlying RICO. *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Although the Court looks to state law to determine the applicable limitation period, the question of when a cause of action accrues and the limitation period begins to run is still governed by federal law. *Wilson [v. H.J. Wilson Co.],* 563 F.Supp. [10] at 13 [M.D.La. 1982]. Under RICO, the limitation period begins to run when the fraud was or

---

should have been revealed to the plaintiffs by the exercise of due diligence. *Kirschner,* 576 F.Supp. at 241.

Measured by that standard, the Court finds that Brown's claim under RICO has prescribed. Count II is therefore dismissed as to Brown. The Court denies the defendants' Motion as to Moore for reasons already expressed. 631 F.Supp. at 143–144.

Having determined that the Louisiana one year prescriptive period applies in civil RICO cases, the Court must now determine when this period begins to run. The question of when the prescriptive period begins to run is governed by federal law. *Longoria v. Bay City, Texas,* 779 F.2d 1136, 1138 (5th Cir.1986). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis for his action. *Longoria,* 779 F.2d at 1138. Several recent cases have held that the prescriptive period under RICO begins to run when the fraud was or should have been known or discovered by the plaintiff through the exercise of due diligence. *Hunt v. American Bank,* 783 F.2d 1011 (11th Cir.1986); *Moore v. A.G. Edwards,* 631 F.Supp. 138, 144 (E.D.La.1986); *Kirschner v. Cable/Tel Corp.,* 576 F.Supp. 234, 241 (E.D.Pa.1983).

The Court is unable to determine from the facts set forth in the record when the plaintiff knew or should have known or discovered the facts which form the basis of the RICO complaint. Perhaps this issue may be resolved at a later date after additional discovery has been completed with a motion for summary judgment.

B. The Rule 10b–5 Claims

It is settled that the applicable prescriptive period relative to the Rule 10b–5 claim is the two year prescriptive period set forth under the Louisiana Blue Sky Law, LA R.S. 51:714 C. *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir. 1982); *White v. Sanders,* 650 F.2d 627 (5th Cir.1981). As with the RICO claim, the Court is unable to determine from the

record when the plaintiff knew or should have known the facts which form the basis of the Rule 10b–5 claim.

Therefore:

IT IS ORDERED that the motion of Ramon Jarrell to dismiss be and it is hereby DENIED.