IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20254
Conference Calendar

_____

JOE R. WALKER,

                                        Plaintiff-Appellant,

versus

L.A. MASTERS, Dr.,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-3503
- - - - - - - - - - -
June 30, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Because no specified federal statute of limitations exists for 42 U.S.C. § 1983 suits, federal courts borrow the forum state's general or residual personal injury limitations period. Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). In Texas, the applicable period is two years. Id. Federal courts also apply the state's tolling provisions to statutory limitations periods. Id.

---

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues. Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), cert. denied, 112 S. Ct. 2323 (1992). Under the federal standard, the statute of limitations begins to run from the moment the plaintiff knows or has reason to know that he has been injured and who has inflicted the injury. Moore v. McDonald, 30 F.3d 616, 620-21 (5th Cir. 1994).

Under the federal accrual standard, Joe R. Walker knew or should have known of his alleged constitutional injuries and the person responsible for it by May 5, 1991, when Masters modified Walker's medical records to reflect a new medical classification that reflected an ability by Walker to do field duty. Walker's attempts to change this modification or obtain an explanation adequately demonstrates his awareness of his injury and the person who was responsible for it. Walker's ignorance of a possible legal remedy did not toll the running of the limitations period. See Longoria v. Bay City, 779 F.2d 1136, 1139 (5th Cir. 1986).

AFFIRMED.